**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **BORDELON, et ux** | **CIVIL ACTION NO. 06-1361** |
| **-vs-** | **JUDGE DRELL** |
| **FOSTER, *et al.*** | **MAGISTRATE JUDGE KIRK** |

**REPORT AND RECOMMENDATION**

Before the Court is plaintiff's motion to remand, Doc. # **53**, referred to me by the district judge for Report and Recommendation.

FACTUAL BACKGROUND

Plaintiffs, Michael and Virginia Bordelon, filed suit in state court against the driver, Virginia Foster, and her liability insurance carrier, State Farm Mutual Automobile Insurance Company (State Farm), and two uninsured motorist insurers, State Farm and American Home Assurance Company (American Home), as a result of an automobile accident. The case was removed to this court on August 8, 2006 by American Home. Shortly thereafter settlement was reached between plaintiffs and defendants, Foster and her liability insurance carrier. A partial judgment of dismissal was entered by this court on September 15, 2006. In July of 2007, plaintiffs were

granted leave of court to amend the complaint by adding two additional defendants, Guardian Angels Care Services, Inc. (Guardian Angels) and its insurer, Progressive Security Insurance Company (Progressive). Guardian Angels is alleged by plaintiffs to have been the employer of the driver, Foster, at the time of the accident and Progressive, its insurer. The amended complaint alleges that Foster was within the course and scope of her employment with Guardian Angels at the time of the accident. In their motion to amend, the plaintiffs did not inform the court or opposing counsel that Guardian Angels was a Louisiana resident, although the proposed amendment did reflect its agent's address for service of process as being in Louisiana. Thereafter, plaintiffs filed the instant motion to remand, document #53. In their motion to remand, plaintiffs assert that the non-diversity of defendant Guardian Angels destroys this court's subject matter jurisdiction.

American Home opposes the motion to remand and suggests that "[n]owhere in the Receipt and Release (Exh."B") is there any language which, fairly construed, would operate to reserve Plaintiff's rights against solidary obligors of Virginia Foster such as any potential employers under a theory of *respondeat superior*, or any other insurer or indemnitor of Virginia Foster or her employer." [Italics in original.]

Therefore they reason, the diversity destroying defendant, Guardian Angels, and its insurer, Progressive, are released from liability and thus there is no possibility of recovery against them, their citizenship may be ignored for purposes of determining diversity jurisdiction, and jurisdiction properly lies in this court. Defendant also asserts that the release is clear and unambiguous in releasing not only Foster, but also "any and all affiliated persons, firms or corporations."

In their reply brief, plaintiffs make four arguments why the case should be remanded:

1) American Home is improperly asserting a defense on behalf of another defendant,

2) American agreed to the filing by plaintiffs of the amending complaint (which added the potentially diversity destroying defendant, Guardian Angels), and thus has waived its right to complain,

3) Both Guardian Angels and Progressive have answered the amending complaint without objecting to the personal jurisdiction of the court,

4) It was their intention to exclude Guardian Angels and Progressive from the State Farm release.

DISCUSSION

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Fraudulent Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. McKee v. Kansas City Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004). More specifically, there must be an arguably reasonable basis for predicting that state law would

allow recovery in order to preclude a finding of fraudulent joinder. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendant's burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.*

Plaintiff's first three arguments are easily disposed of.

1) American Home is improperly asserting a defense on behalf of another defendant.

Plaintiffs cite Louisiana state cases for the proposition that "[t]he only party who may raise the question of improper joinder of parties *is the party who has been improperly joined*; such remedy is *not* available to the party who is properly joined." [Emphasis in original] It appears that plaintiffs are confusing "improper joinder" under state law (LSA-C.Cr.P. Art. 926) with "fraudulent joinder" or "improper joinder" under federal law. The Fifth Circuit has instructed that the term "improper joinder" is more consistent with the statutory language than "fraudulent joinder" and is thus preferred. Smallwood v. Illinois Central Gulf Railroad Company, 385 F.3d 568 (5th C. 2004). However, the term "improper joinder" is less precise and is sometimes cause for confusion, as is apparent here.

In any event, a party opposing remand may always claim that another party is improperly joined either as a matter of outright fraud in the pleadings, or because there is no arguable basis for predicting recovery against it. Indeed it is ordinarily a co-defendant of the fraudulently joined defendant who raises the issue.

2) American agreed to the filing by plaintiffs of the amending complaint (which added the potentially diversity destroying defendant, Guardian Angels), and thus has waived its right to complain.

Plaintiffs have not directed the court to any authority for its assertion of waiver, nor am I aware of any support for such a proposition. The existence or not of subject matter jurisdiction of a federal court may not be determined by waiver.

Further, perhaps the lack of objection was due to defendants' belief that the addition of Guardian and Progressive was meaningless and had no effect.

3) Both Guardian Angels and Progressive have answered the amending complaint without objecting to the personal jurisdiction of the court [thus waiving the objection].

Once again, plaintiffs have not directed the court to authority supporting this suggestion. Further, it may be that defendants do not object to the jurisdiction of this court. The fact that the added defendants did not raise the issue of fraudulent joinder does not prevent another defendant from doing so, as discussed above.

The real issue in this case has to do with plaintiffs' 4th claim that they intended to exclude Guardian Angels and

Progressive from the release or, as plaintiffs also state it, that they never intended to release those parties[1]. Plaintiffs correctly suggest that the court should look to the intent of the parties to determine whether or not plaintiffs intended to release the employer and its liability insurer.

A compromise instrument is the law between the parties and must be interpreted according to the intent of the parties to the agreement. Smith v. Walker, 708 So.2d 797, 802. The meaning and intent of the parties is ordinarily determined from the four corners of the instrument, and extrinsic (parol) evidence is inadmissable either to explain or to contradict the terms of the document. Gaubert v.Toyota, 770 So.2d 879,881 (La. App. 1st Cir. 2000). However, when the terms of a written contract, including a compromise agreement, are susceptible of more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language, parol evidence is admissible to clarify the ambiguity or show the intent of the parties. Commercial Properties v. State Teachers Ret. Sys., 808 So.2d 534, 540.

[1] Plaintiffs' attorney's affidavit states that he "had no knowledge" that Foster was in the course and scope of her employment at the time the release was executed.

Were this a case of joint tortfeasors, or a case where it was necessary to determine which of various claims were intended to be released, the focus of our inquiry would properly be on whether the parties intended to release the joint tortfeasor or the other claim. See, for example, as to joint tortfeasors, Randall v. Martin, 868 So.2d 913 (La. App. 5th Cir., 2004); as to claims, see Smith v. Leger, 439 So.2d 1203 )La. App. 1st Cir., 1983), and McCall v. Cameron Offshore Boats, Inc., 635 So.2d 263 (La. App. 3rd Cir., 1994).

However in this case, as will be explained below, the focus is properly on the extent to which plaintiffs intended to release the tortfeasor, Foster, not on whether they intended to release the employer or its insurer.

An employee and employer are solidarily liable for acts within the course and scope of employment. Foster v. Hampton, 381 So.2d 789, 791 (La. 1980); Sampay v. Morton Salt Co., 395 So.2d 326, 327 (La. 1981). Further, an insurer is solidarily liable with its insured by virtue of the direct action statute, La. R. S. 22:655(B)(1)(c). Etienne v. National Auto. Ins. Co., 759 So.2d 51,56 (La. 2000). Plaintiffs claim that Foster was an insured under her employer’s policy of insurance.

The liability of the employer or insurer solidarily bound with the tortfeasor arises only as a result of the liability of the tortfeasor. If the tortfeasor has no liability, then the insurer and, under principles of respondeat superior, the employer, have no liability. L.S.A.-CC Art. 2320.

However, the release of the insured does not release the insurer if, in the release document, rights against the insurer have been reserved. See Rodriquez v. Louisiana Tank, Inc., 657 So.2d 1363 (La. App. 1st Cir. 1995); Finnie v. LeBlanc, 875 So.2d 71 (La. App. 3rd Cir. 2004); Sumrall v. Bickham, 887 so.2d 73 (La. App. 1st Cir. 2004)[2]. The same rule should apply in the employer/employee situation in which the liability of the employer depends first on the underlying liability of the employee. See Sampay v. Morton Salt Company, 396 So.2d 326 (La. 1981)[3].

However, a reservation of rights is not required; rather, the Louisiana Supreme Court has held that, in determining whether a release of the tortfeasor operates to release her

---

[2] In Sumrall there was also an express denial of liability on the part of the settling tortfeasor, a fact the court found important.

[3] Sampay was decided in 1981, before the amendments to the Civil Code regarding solidary liability and relied on Article 2203 (see now Art. 1803) which then provided: "The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter."

liability insurer, "the intent of the parties to a settlement or compromise between a plaintiff and an insured tortfeasor must be examined to determine whether the tortfeasor's delictual obligation to which the insurance coverage applies has been released". Rollins v. Richardson, 833 So.2d 921 (La. 2002).

Similarly, just as an insurer's liability under its policy of insurance is derivative and depends on its insured's liability, an employer's *respondeat superior* liability under LSA-CC Art. 2320 is also derivative and depends on its employee's liability. Thus the rule of Rollins must also apply in the employer/employee situation[4].

The release executed by plaintiffs provides in pertinent part:

> In consideration of the payment of the foregoing sum to them, Appearers do hereby release and discharge Virginia L. Foster, State Farm Automobile Insurance Company and any and all affiliated persons, firms or corporations

[4] Note, however, that in Williams v. Marionneaux, 124 So.2d 919 (1960), the Louisiana Supreme Court had held that even where, in the release agreement, the tort victim reserved its rights to proceed against the tortfeasor's employer, the employer was nevertheless released from liability. Williams was overruled by Sampay, supra (see f.n. 3), primarily on the basis of then Article 2203 which expressly allowed for a reservation of rights. Now, however, Art. 2203 has been eliminated from the Civil Code. Nevertheless, Sampay was based on the fact that, contrary to the case relied on in Williams, an employee and employer are solidarily bound for the tort of the employee. Foster v. Hampton, 381 So.2d 789 (La. 1980).Therefore, I believe that the proper analysis is the Supreme Court's more recent analysis in Rollins, supra, which, as discussed above, dealt with the solidary liability of an insured and insurer.

> from any and all claims on their part for personal injuries sustained by Michael J. Bordelon, Sr., hospital, medical and related expenses, loss of income, loss of earning capacity, property damage, loss of consortium, society, services, support and earnings, disabilities, penalties, attorney's fees or otherwise past, present or future and whether known or unknown at this time in any manner connected with or arising out of the above described accident including particularly all claims merged in the above mentioned suit and Appearer does further agree to the dismissal of said suit, with prejudice at defendants' costs.

This language is clear and unambiguous. The intent was to release the tortfeasor, Foster, from all delictual responsibility as a result of the accident. There is no intent evinced to release less than 100% of Foster's delictual responsibility for the accident. Because there is no ambiguity, affidavits and other evidence may not be considered by the court relative to the intent of the parties to the release agreement.[5]

Nor is it relevant to determine whether the employer and insurer are "affiliated persons" within the meaning of the release, for their liability is wholly dependent on whether Foster, the tortfeasor, retained delictual responsibility.

---

[5] In any event, the affidavits submitted by plaintiffs focus on whether there was intent to release Guardian Angels and Progressive, not on the relevant inquiry of whether there was intent to release all of Foster's delictual responsibility as the Louisiana Supreme Court has instructed in Rollins.

Because Foster's delictual responsibility was completely extinguished by the release, Guardian Angels and Progressive, whose responsibility depends on Foster's liability, are both released. There is, therefore, no possibility of recovery by plaintiffs against Guardian Angels or Progressive under Louisiana law and their citizenship may be ignored for purposes of determining diversity jurisdiction. Because there is complete diversity among all remaining defendants, this court retains subject matter jurisdiction and plaintiffs' motion to remand should be denied.

CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the plaintiffs' motion to remand, doc. #53, be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of

filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, January 28, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE