RECEIVED
IN ALEXANDRIA, LA

FEB 1 9 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MICHAEL J. BORDELON, SR., et al.** | **CIVIL ACTION NO. 06-1361** |
| -vs- | **JUDGE DRELL** |
| **VIRGINIA L. FOSTER, et al.** | **MAGISTRATE JUDGE KIRK** |

## R U L I N G

Before the Court is plaintiff Michael J. Bordelon, Sr.'s motion to remand on the basis of lack of complete diversity (Doc. 53), as well as the magistrate judge's report and recommendation that the motion be denied (Doc. 70).  After an independent review of the record, including the written objections submitted by Bordelon, we decline to adopt the report and recommendation, as it is supplanted by a specific reconsideration of a decisive point of law.  In short, we find that diversity of citizenship under 28 U.S.C. § 1332 no longer exists.  Because diversity was the sole basis for subject matter jurisdiction in this suit, we now lack jurisdiction.  Accordingly, the plaintiff's motion to remand must be GRANTED, and we REMAND to the 12th Judicial District Court, Parish of Avoyelles, State of Louisiana.  All other pending motions in this case (Docs. 31, 33, and 60) are DENIED AS MOOT.

## BACKGROUND

This suit arises from an automobile accident on June 8, 2005, in which a vehicle driven by defendant Virginia L. Foster collided with a vehicle driven by plaintiff Michael J. Bordelon, Sr., allegedly in the course and scope of his duties as an employee of Rexel, Inc. ("Rexel").  Mr. Bordelon and his wife, Judy Bordelon, Louisiana residents, brought suit on June 8, 2006 in the 12th Judicial District Court of the State of Louisiana in Avoyelles Parish against four defendants: Virginia L. Foster; State Farm Mutual Automobile Insurance Company ("State Farm") qua Ms. Foster's liability insurer; State Farm qua Mr. Bordelon's uninsured/underinsured motorist and medical payments carrier; and American Home Assurance Company ("American Home"), Rexel's uninsured/underinsured motorist and medical payments carrier.  (Doc. 1).

Referring to a document that is central to this ruling, the plaintiffs explained in Paragraph 15 of the state court petition:

> On June 7, 2006, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (Liability) faxed a letter and Release to counsel for plaintiffs agreeing to tender the $25,000.00 liability policy limits. . . . As of the date of filing of this Petition for Damages, Plaintiffs' counsel has not yet received the policy limits. . . .

(Doc. 1, p. 4).  On July 31, 2006, the 12th Judicial District Court entered a partial judgment of dismissal in favor of Ms. Foster and State Farm, as her liability insurer, following the accomplishment of the above Release.  (Doc. 21).

Defendant American Home removed the suit to this Court under 28 U.S.C. § 1441 on August 8, 2006, urging original jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship.  On July 17, 2007, Mr. Bordelon, with consent, filed a first supplemental

and amending petition for damages (Doc. 46), alleging that Ms. Foster was acting in the course and scope of her employment with Guardian Angels Care Services, Inc. ("Guardian Angels") at the time of the accident.  The amended petition added Guardian Angels and its liability insurer, Progressive Security Insurance Company ("Progressive").

Next, Mr. Bordelon filed the motion to remand (Doc. 53) now before us, arguing that complete diversity no longer exists in this case since defendant Guardian Angels is a Louisiana corporation with its domicile in Pineville, Louisiana.  Because both plaintiffs and at least one defendant would share the same Louisiana citizenship, plaintiff urges that the suit should be remanded to the state district court.  In opposition, defendant American Home argues that Guardian Angels was improperly joined because there is no possibility of recovery against Guardian Angels (and, by extension, Progressive, Guardian Angels' liability insurer).  (Doc. 62).  Under American Home's view, Guardian Angels and Progressive should be dismissed as parties, so complete diversity still exists.

The magistrate judge's report and recommendation (Doc. 70) recommends the denial of the Mr. Bordelon's motion to dismiss, basically agreeing with American Home's arguments.  The report and recommendation essentially finds that because Guardian Angels was only vicariously liable for the torts of its employee, Ms. Foster, the Bordelons' Release of Ms. Foster precludes any recovery against Ms. Foster's employer or its liability insurer under Louisiana law.

## ANALYSIS

The only basis for jurisdiction in this suit is diversity of citizenship under 28 U.S.C. § 1332, which is defeated if any plaintiff and any defendant are citizens of the same state. Strawbridge v. Curtiss, 7 U.S. 267 (1806); McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (citing Strawbridge). As a result of the plaintiffs' first supplemental and amending petition, both the plaintiffs and at least one defendant, Guardian Angel, are citizens of Louisiana. If Guardian Angel remains a party, complete diversity no longer exists, and we lack subject matter jurisdiction to hear this suit. The issue, then, is simple: Was Guardian Angel properly joined? If so, we must remand.

As noted above, defendant American Home urges that Guardian Angel was improperly joined. The Fifth Circuit has explained the analysis for improper joinder as follows:

> To determine whether the district court correctly denied a motion to remand because the plaintiff improperly joined a nondiverse defendant to defeat subject matter jurisdiction, **the court must analyze whether** (1) there is actual fraud in pleading jurisdictional facts or **(2) the plaintiff is unable to establish a cause of action against the nondiverse defendant.** The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one. **Under the second prong (inability to establish a cause of action), the court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability. This means that there must be a reasonable possibility of recovery, not merely a theoretical one.** Further, the standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. In conducting this inquiry, the court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most

favorable to the plaintiff.  In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party.

Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (citations and internal quotation marks omitted).

We need not address the first prong, because "actual fraud in pleading jurisdictional facts" is not alleged.  Instead, we must focus on the second prong, "whether there is arguably a reasonable basis for predicting that state law might impose liability" on Guardian Angels.  Because the plaintiffs evidently have asserted no independent cause of action against Guardian Angels, the only basis for liability is the employer's vicarious liability established by La. Civ. Code art. 2320.

Under La. Civ. Code art. 2320, vicarious liability is solidary.  Foster v. Hampton, 381 So. 2d 789, 790-91 (La. 1980).  Among other things, this solidarity means the plaintiff may seek full recovery from either the employer or the employee and that suit against either the employee or the employer interrupts prescription against the other.  Id. at 791. Not all the effects of vicarious liability are so clear, however, and both the Louisiana legislature and courts have changed the analysis significantly over time.

In 1960, the Louisiana Supreme Court decided Williams v. Marionneaux, 124 So. 2d 919 (La. 1960), whose relevant facts are virtually identical to those before us.  In Williams, the plaintiff was injured by Blanchard, who was allegedly in the course and scope of his employment with Marionneaux.  The plaintiff entered into a compromise with Blanchard and sued Marionneaux and its liability insurer.  The Court held that the plaintiff's compromise with the employee, Blanchard, precluded any action against the vicariously liable employer, Marionneaux, explaining:

> There was but one cause of action which the law gave plaintiff in recompense for his injuries. That cause of action sounded exclusively in tort under Article 2315 of the Civil Code.  Under Article 2320 this same cause of action for Blanchard's alleged tort was assertable against Marionneaux but it was cognizable only because Blanchard was allegedly acting in his function as an employee of Marionneaux at the time Blanchard committed the [negligent] act causing plaintiff's injury.  Now, when Blanchard compromised with plaintiff, he repaired his wrong and, therefore, was fully acquitted from further liability. This acquittance inured to the benefit of Marionneaux for the release of the tortfeasor must be held to release Marionneaux also from further responsibility, as his liability for the tortious act was vicarious in nature and derived solely from his legal relation to the wrongdoer.

Williams, 124 So. 2d at 923.

Although the report and recommendation does not cite Williams, the rationale of the report and recommendation is the same:

> The liability of the employer or insurer solidarily bound with the tortfeasor arises only as a result of the liability of the tortfeasor.  If the tortfeasor has no liability, then the insurer and, under principles of respondeat superior, the employer, have no liability.

(Doc. 70, p. 10) (citing La. Civ. Code art. 2320).  The report and recommendation goes on to find that, because the Release clearly releases the employee, Ms. Foster, it must also release the employer and, by extension, the employer's insurer.  (Doc. 70, p. 13).

Unfortunately, the report and recommendation does not take into account significant developments in both Louisiana jurisprudence and Louisiana statutory law. First, Williams was expressly overruled by Sampay v. Morton Salt Co., 395 So. 2d 326 (La. 1980).  Sampay was decided under former La. Civ. Code art. 2203, which provided in relevant part: "The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right

against the latter." Id. (quoted in Sampay, 395 So. 2d at 328). In explaining its decision, the Sampay court began with Foster's holding that vicarious liability is solidary:

> Because Foster v. Hampton, supra, recognized that the employee and the employer are solidary obligors, it follows that, if the victim releases one but reserves his rights to proceed against the other, he may do so by virtue of article 2203. The Williams court . . . held otherwise. The court in Williams reasoned that, without solidarity, the derivative nature of the employer's liability precludes recovery against him if the employee has been released. That the employer's liability is vicarious is important only in relation to the ultimate allocation of the obligation between the employer and the employee. From the viewpoint of the victim, the employer and the employee are solidary obligors. Williams is overruled.

Sampay, 395 So. 2d at 328-29.

As Sampay makes clear, the solidarity imposed by vicarious liability is subject to the ordinary rules of solidary liability with respect to discharge of a solidary obligor. At the time of Sampay, solidary obligors were subject to former La. Civ. Code art. 2203, under which, unless the plaintiff expressly reserved his rights against the employer, the employer would be automatically discharged from the solidary obligation arising from vicarious liability upon the plaintiff's compromise with the employee. However, the law of solidarity has changed significantly since 1980, the year Sampay was decided.

In place of former Article 2203, the legislature enacted new statutes over twenty years ago that turned the old rule on its head.[1]  Current La. Civ. Code art. 1803 ("Renunciation of solidarity") provides in full:

---

[1]  The rule of [former] Article 2203 is contrary to the general well settled precept that no one is presumed to have renounced his rights against others unless it clearly appears that he intended to do so. Louisiana and French doctrine have unanimously criticized the rule of article 2203. No doubt in response to this criticism, the express reservation requirement of article 2203 has been abolished by the legislature in its revision of Louisiana obligations law. 1984 La.Acts, No. 331.

Carona v. State Farm Ins. Co., 458 So. 2d 1275, 1278-79 (La. 1984).

> Renunciation of solidarity by the obligee in favor of one or more of his obligors must be express. An obligee who receives a partial performance from an obligor separately preserves the solidary obligation against all his obligors after deduction of that partial performance.

La. Civ. Code art. 1802 (2008).  Current La. Civ. Code art. 1803 ("Remission of debt to or transaction or compromise with one obligor") provides in relevant part:

> Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor.

La. Civ. Code art. 1803 (2008).

The current rules governing solidarity presume that the obligee intends to retain the benefits of solidarity, even if he should release one or more of the solidary obligors. However, the remaining solidary obligors get a credit equal to the amount of the portion of the discharged obligor.  In this case, Mr. Bordelon, the plaintiff-obligee, effected a Release of Ms. Foster, Guardian Angels' employee.[2]  Guardian Angels is allegedly vicariously liable for Ms. Foster's actions, and under Sampay, vicarious liability is subject to the ordinary rules of solidarity.  Thus, under the new rules, Mr. Bordelon, as a matter of law, did not renounce solidarity or discharge Guardian Angels, and Guardian Angels remains liable to Mr. Bordelon, subject to a credit "in the amount of the portion" of Ms. Foster.

---

[2]  We note here that under a plain reading of its language, the Release does not include Ms. Foster's employer: "Appearers do hereby release and discharge Virginia L. Foster . . . and any and all affiliated persons, firms or corporations from any and all claims on their part for personal injuries sustained by Michael J. Bordelon, Sr. . . . ." (Doc. 62-2, p. 5).  To the extent there is any ambiguity, as the report and recommendation points out, we ordinarily look to the intent of the parties, and in this case, there is evidence that the plaintiffs did not intend to release Ms. Foster's employer, because they were not aware at the time of the Release that she may have been in the course and scope of her employment. (Doc. 70, p. 8).  The report and recommendation prematurely halted this analysis.  We highlight it only to show that both a plain reading and extrinsic evidence reach the same result.

8

There is a question of what the effect and amount of that credit is.  It would be inappropriate for us to answer that question in detail, as that is reserved for a court of proper jurisdiction.  It is enough that Sampay, in overruling Williams, necessarily means that even "the derivative nature of the employer's liability" does not preclude recovery against the employer when the employee is released.  Sampay, 395 So. 2d at 328-29.  Even under current La. Civ. Code art. 1803's reduction provision, that seems to be the case:

> In the instant matter, the only basis upon which the Morrow firm could be liable to the plaintiff is under the doctrine of respondeat superior.  Because the employer and employee are solidarily liable as to the victim,  Sampay, 395 So.2d at 329, it was unnecessary to pursue a claim against the Morrow firm as long as its employee remained a party to the suit.  Prescription against the Morrow firm was interrupted for as long as the claim against [the employee] remained viable.  La. Civ.Code art. 1799 and art. 3503.  However, **plaintiff dismissed the Morrow firm's employee from the suit with prejudice** on March 8, 1995.  Thus, prescription against the Morrow firm was no longer interrupted after that date.  **Although plaintiff could have filed suit against the Morrow firm after Sebastien's dismissal without having reserved his rights to do so**, he failed to file that claim in a timely fashion, causing it to prescribe.

Etienne v. National Auto. Ins. Co., 759 So. 2d 51, 56 (La. 2000).

Louisiana law allows a plaintiff to bring suit against an employer when the employee is completely dismissed, even when the employer's sole basis for liability is vicarious liability.  The important caveat is that the suit must not be prescribed.  In this case, based upon the accident date of June 8, 2005, suit against the employee, Ms. Foster, on June 8, 2006 interrupted prescription against Guardian Angels, the solidary obligor.  The state district court dismissed Ms. Foster from the suit on July 31, 2006.  At that point, prescription ceased to be interrupted, and the one-year tort prescriptive

9

period began to run again.  La. Civ. Code arts. 3462, 3463, 3466, and 3492.  The first supplemental and amending petition was filed less than one year later, on July 17, 2007, adding Guardian Angels.

The suit against Guardian Angels had not prescribed, and under Louisiana substantive law, explained above, there certainly is "a reasonable possibility of recovery, not merely a theoretical one."  Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007).  Thus, Guardian Angels was not improperly joined.  Because the only basis for jurisdiction in this case is diversity of citizenship under 28 U.S.C. § 1332, and because the joinder of Guardian Angels destroys diversity, we lack jurisdiction to hear that suit and must remand to the state district court.

## CONCLUSION

Based on the foregoing, the motion to remand (Doc. 53) is GRANTED, and this case, by separate judgment, is REMANDED to the 12th Judicial District Court, Parish of Avoyelles, Louisiana.  Consequently, all other pending motions in this case (Docs. 31, 33, and 60) are DENIED AS MOOT.

SIGNED on this _14_ day of February, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE